T.C. Summary Opinion 2008-162


UNITED STATES TAX COURT



ALAN A. AND MARY E. SJOBERG, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12245-07S.               Filed December 23, 2008.


Alan A. and Mary E. Sjoberg, pro sese.

<u>Michael A. Pesavento</u>, for respondent.


SWIFT, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $660 deficiency in petitioners' Federal income tax for 2004 and a $132 accuracy-related penalty under section 6662(a). The primary issue for decision is whether on their 2004 Federal income tax return petitioners may treat gambling winnings and expenses as business income and expenses or whether the gambling winnings must be treated as "Other" income and the expenses as miscellaneous itemized deductions. The resolution of this issue affects only the taxable amount of petitioners' Social Security benefits.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

## Background

Some of the facts have been stipulated and are so found. Petitioners resided in Minnesota.

In 2004 petitioners were recreational gamblers.

In 2004 petitioners received $19,995 in wage income, $1,439 in business income, $10,000 as an individual retirement account (IRA) distribution, and $20,154 in Social Security benefits.

Also in 2004, petitioner Mary E. Sjoberg won a $4,000 slot machine jackpot, which was fully offset by her gambling expenses. The casino submitted to petitioners and respondent a Form W-2G, Certain Gambling Winnings, reporting the $4,000 jackpot.

On their 2004 joint Federal income tax return, petitioners did not include the $4,000 jackpot in income and they did not

claim their offsetting gambling expenses. Rather, petitioners simply attached a handwritten note to their return disclosing the $4,000 jackpot. Petitioners also treated only $4,704 of their Social Security benefits as includable in income.

On audit respondent determined that petitioners must include the $4,000 jackpot in gross income, offset by a $4,000 gambling loss deduction but triggering a mechanical $2,494 increase in petitioners' taxable Social Security benefits and a $130 decrease in allowable miscellaneous itemized deductions. Respondent also determined a $132 accuracy-related penalty under section 6662(a).

## Discussion

Petitioners do not dispute that under the provisions of the Internal Revenue Code respondent's adjustment with respect to the Federal income tax treatment of their $4,000 gambling winnings and offsetting expenses is correct, including the effect thereof on the taxability of petitioners' Social Security benefits. Petitioners, however, contend that this treatment of gambling winnings and losses is discriminatory against the elderly and should not be enforced. Petitioners note that today's casinos are like "Disneyland" to the elderly, offering all sorts of freebies to entice the elderly into casinos to gamble. Petitioners contend that respondent needs to update the tax rules to take into account today's casino operators, casino operations, and customers.

Petitioners complain that it is just "too easy" for the elderly to gamble and therefore that the tax rules applicable thereto are outdated and should not be enforced--particularly those rules that affect the taxability of Social Security benefits. Lastly, petitioners allege that some types of gambling winnings are not required to be reported to respondent by the casinos (generally poker and blackjack), and petitioners claim that such differences in the reporting of gambling winnings constitute discrimination.

Petitioners' arguments raise policy issues that do not relieve petitioners of their liability for the determined deficiency.

We sustain respondent's determination of the $660 deficiency in petitioners' Federal income tax and the $132 accuracy-related penalty under section 6662(a).

<u>Decision will be entered</u>

<u>for respondent</u>.